**Sheri Klammer CARLEN, Respondent,**

v.

**Violet KLAMMER, et al., Warren Klammer, Joni E. McGraw, Debra Decker, First Bank of Minnesota, Respondents,**

**State Bank of Buffalo Lake, Appellant.**

No. C4–85–2207.

Court of Appeals of Minnesota.

June 17, 1986.

Wyman Nelson Cokato, for Sheri Klammer Carlen.

Dean M. Maus, Hector, for Violet .Klammer, et al., Respondents.

Warren Klammer, Joni E. McGraw, Debra Decker, pro se.

William B. Hass, Hutchinson, for First Bank of Minnesota.

Tom Togas, Bloomington, for State Bank of Buffalo Lake.

Heard, considered, and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

RANDALL, Judge.

State Bank of Buffalo Lake appeals from an injunction prohibiting it from foreclosing a mortgage. Respondents did not file a brief and, by order of this court, this matter is proceeding under Minn.R.Civ. App.P. 142.03 (1986).

## FACTS

A.W. Klammer died intestate on April 6, 1976, leaving heirs, including respondent Sheri Klammer Carlen and his widow Violet Klammer. At the time of the hearing in October, 1985, the probate proceeding was not yet concluded. On May 7, 1984, all of the heirs had executed a distribution agreement. At the time of the hearing a petition for approval of the agreement was still pending before the probate division of the county court.

The distribution agreement awarded various parcels of real property to the heirs, and provided for payments among the heirs to even out the differences in value among the parcels. The agreement divided a mortgage liability owed to Prudential Life Insurance Company (approximately $246,-000) as well as federal estate tax liability (approximately $46,000), proportionately among the heirs.

On May 25, 1984, Violet Klammer had granted appellant a mortgage on certain real estate she expected to receive subject to the pending probate administration. In 1985, appellant sent Klammer a notice of default. Carlen learned of the default and brought this action, alleging that she would be harmed if a foreclosure occurred affecting A.W. Klammer's land prior to the close of probate proceedings. She claimed that foreclosure at this time would raise doubts as to whether Violet Klammer and other heirs would have the ability to pay their pro rata shares of the Prudential mortgage. She argued that if the other heirs did not pay their pro rata share, she could become liable for the entire Prudential mortgage and, in effect, be disinherited.

The trial court issued an injunction prohibiting appellant from foreclosing its mortgage pending action by the probate division.[1]

## ISSUE

Did the trial court abuse its discretion by issuing the injunction?

## ANALYSIS

Granting an injunction lies within judicial discretion and this court will not reverse absent an abuse of discretion. *Cherne Industrial, Inc. v. Grounds & Associates*

---

1. The order states:
   That pending determination by the Probate Division of the County Court of McLeod County the lien of mortgage has not attached to the subject premises, therefore:
      *    *    *    *    *    *

   That State Bank of Buffalo Lake be and it is hereby precluded from foreclosing against the property alleged to have been encumbered by Violet Klammer and legally described as follows: [legal description].

*Inc.,* 278 N.W.2d 81, 91 (Minn.1979). We find no such abuse of discretion.

Appellant claims that the trial court did not comply with Minn.R.Civ.P. 65.02(1) which requires either notice of motion or service on the adverse party of an order to show cause before a *temporary* injunction can be granted. Although respondent did not serve appellant with either a notice of motion or order to show cause, the trial court did not err in granting the injunction.

Appellant also claims that the trial court did not comply with Rule 65.02(2)'s requirement that sufficient grounds for a temporary injunction must be made out by affidavit, deposition testimony, or oral testimony. We disagree. The court granted a permanent injunction, not a temporary injunction, therefore Rule 65.02 does not apply.

We note that the complaint's prayer for relief included a request for a permanent injunction. Appellant then moved to dismiss for failure to state a claim upon which relief could be granted. This put the merits of the lawsuit at issue. Since Carlen moved for a permanent injunction, and appellant moved to dismiss for failure to state a claim, the trial court had before it a sufficient record to grant a permanent injunction pending action by the probate division.[2]

Appellant claims that respondents have not met their burden of showing sufficient grounds for injunctive relief. We do not agree. The trial court adequately considered the requirements for injunctive relief. *See Dahlberg Brothers, Inc. v. Ford Motor Company,* 272 Minn. 264, 274–75, 137 N.W.2d 314, 321–22 (1965). The trial court merely preserved the status quo, permitting the probate division to complete administration of the estate. *See Brown v. Strom,* 113 Minn. 1, 129 N.W. 136 (1910). Once the estate's assets are distributed and title to the real estate is clear, the injunction will dissolve and appellant will be free to proceed on the merits with its foreclosure.

Furthermore, appellant showed no prejudice. It does not appear from the record that Violet Klammer, the mortgagor, had clear title to the real estate. Although legal title to real estate passes upon intestate death to heirs, administration of an estate must be completed before clear title vests in an heir. Appellant, as mortgagee, acquired no greater right in the mortgaged property than Violet Klammer had at the date she signed the mortgage,[3] and that right is uncertain until administration of the estate is completed.

We find no abuse of discretion in the issuance of the injunction pending resolution by the probate division. The trial court properly preserved the status quo until the probate court completes administration of the A.W. Klammer estate. The closing of the probate estate may render this matter moot.

## DECISION

The trial court did not err in issuing the injunction.

Affirmed.

---

2. We agree that the injunction had some aspects of a temporary injunction which would call for compliance with Rule 65.02(2). Examining the record and noting that the trial court did not grant an injunction until the matter before it was resolved, but stayed the foreclosure until the probate court completed its proceedings, we are satisfied that the trial court did not abuse its discretion in viewing the injunction as permanent. A permanent injunction is defined as: one intended to remain in force until the final determination of the particular suit. *Black's Law Dictionary,* 705 (rev. 5th ed. 1979).

3. The mortgage may attach to subsequently acquired interests in the property, but not until the mortgagor actually acquires the property. *Lowe v. Reierson,* 201 Minn. 280, 287, 276 N.W. 224, 227 (1937).